UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK, AS
TRUSTEE FOR FIRST HORIZON
ALTERNATIVE MORTGAGE
SECURITIES TRUST 2004-AA5,

    Plaintiff

v.                                           CASE No. 1:17-cv-00031-S-PAS

CHRISTOPHER PEMENTAL,
BARRINGTON HISTORICAL
SOCIETY, LLC and all other unknown
successors, assigns or distributees of
BARRINGTON HISTORICAL
SOCIETY, LLC,

    Defendants
_____/

## ORDER OF NOTICE FOR PUBLICATION

To the above named **Defendant, All Unknown Successors, Assigns or Distributees of Barrington Historical Society, LLC,**

WHEREAS a civil action has been brought in the United States District Court for the District of Rhode Island, by **The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA5 (the "Plaintiff")** wherein it is seeking **(1)** a judgment pursuant to R.I. Gen. Laws §9-30-1, et seq., declaring, inter alia, that the provisions of R.I. Gen. Laws § 34-27-3.2 and particularly but without limitation subsection (d) thereof do not apply to that certain mortgage given by the Defendant, Christopher Pemental ("Pemental") to Mortgage Electronic Registration Systems, Inc. and encumbering real estate known as 66 and 68 County Road, Barrington, Rhode Island (the "Property") dated September 7, 2004 and recorded with the Town of Barrington Land Evidence records in Book 869, Page 84 (the "Mortgage") because such property was not Pemental's principal residence during the relevant default period or at any time thereafter; **(2)** a judgment declaring that the Plaintiff is the holder, by assignment, of the Mortgage and of the promissory note secured by such Mortgage; **(3)** an order of sale pursuant to the provisions of R.I. Gen. Laws §34-27-1 or otherwise authorizing and directing Plaintiff to sell the Property at public sale or by such other means and subject to such terms and conditions and with notice to such persons as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, mortgages, liens, interests or claims of each of the Defendants to this action. In relation thereto, Plaintiff further seeks an order allowing it to credit

bid up to the amount of the total debt owed to it under the Mortgage and the Note secured thereby at any such public sale; and **(4)** In conjunction with said order of sale, provide in the judgment that the foreclosure sale conducted pursuant to such order and Plaintiff's delivery of a foreclosure deed to the successful high bidder at such sale shall extinguish all right, title, interest, lien, mortgage or claim in or to the Property of each of the Defendants to this action and of any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Barrington Land Evidence Records except that if the public sale generates a surplus over and above the total debt owed to the Plaintiff as of the date of such sale, the right, title, interest, lien, mortgage or claim of such junior interest holders shall extend and transfer to such surplus according to lien priorities established under applicable law;

WHEREAS Defendants, All Unknown Successors, Assigns or Distributees of the now defunct Barrington Historical Society, LLC, have identities and whereabouts currently unknown to the Plaintiff;

It is hereby ORDERED by the Court that the following summons issue for service upon the Defendant, All Unknown Successors, Assigns or Distributees of Barrington Historical Society, LLC, in the Barrington Times and the Providence Journal once a week for three consecutive weeks:

**To: All Unknown Successors, Assigns or Distributees of Barrington Historical Society, LLC**

A lawsuit has been filed against you.

On or before June 30, 2017 you must serve on the plaintiff an answer to the complaint filed by the Plaintiff in the above-captioned case or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    John S. McNicholas – Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851

A copy of the complaint may be obtained by contacting Attorney McNicholas at jmcnicholas@kordeassociates.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: May 5, 2017

So Ordered:

_____
Hon. Magistrate Judge Patricia A. Sullivan