UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK, AS
TRUSTEE FOR FIRST HORIZON
ALTERNATIVE MORTGAGE
SECURITIES TRUST 2004-AA5,**

    Plaintiff

v.                                                               CASE No. 17-cv-00031-WES-PAS

**CHRISTOPHER PEMENTAL,
BARRINGTON HISTORICAL
SOCIETY, LLC and all other unknown
successors, assigns or distributees of
BARRINGTON HISTORICAL
SOCIETY, LLC,**

    Defendants
_____/

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION FOR SUMMARY JUDGMENT

      Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA5 (BNY Mellon), hereby submits the following memorandum of law in support of its motion for summary judgment.

### MEMORANDUM OF LAW

#### Background

      BNY Mellon commenced this judicial foreclosure action on January 25, 2017. The Complaint alleges four (4) claims for relief: Count I for declaratory judgment that the Rhode Island Mediation Statute, R.I. Gen Laws § 34-27-3.2 does not apply to Defendant, Christopher Pemental's, Mortgage; Count II for declaratory judgment that (a) BNY Mellon is the holder of the Note and Mortgage given by Defendant Pemental and is entitled to enforce their default remedies and (b) that Defendant Pemental is in default under said Note and Mortgage; Count III for a decree

1

pursuant to R.I. Gen Laws § 34-27-1 that (a) Defendant Pemental's rights of redemption is barred and (b) that title to the property subject to the Mortgage is vested in BNY Mellon;[1] and, Count IV for an order of sale pursuant to R.I. Gen Laws § 34-27-1.

Defendant Pemental has answered the Complaint[2] and asserted nine (9) Affirmative Defenses: First Affirmative Defense – Failure to state a claim upon which relief can be granted; Second Affirmative Defense – Plaintiff has no interest in the Note or Mortgage; Third Affirmative Defense – Plaintiff is not the real party in interest; Fourth Affirmative Defense – Plaintiff has charged amounts not authorized under the Note or Mortgage; Fifth Affirmative Defense – The Note was not indorsed and negotiated pursuant to the Uniform Commercial Code; Sixth Affirmative Defense – Plaintiff did not accelerate the Mortgage pursuant to its terms; Seventh Affirmative Defense – Plaintiff did not comply with paragraph 22 of the Mortgage; Eighth Affirmative Defense – Plaintiff has failed to provide the original Note or Mortgage; and, Ninth Affirmative Defense – Plaintiff's Complaint is not verified.

The Answer asserts no counter-claims.

## Argument

### I.

### BNY Mellon is Entitled to Declaratory Judgment on Count I of the Complaint

By Count I of the Complaint, BNY Mellon seeks a declaration pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 that R.I. Gen Laws § 34-27-3.2 (the "Mediation Statute") does not apply to the Mortgage of Defendant Pemental which is the subject of this action.

---

[1] BNY Mellon hereby dismisses Count III in favor of the alternative relief sought in Count IV.

[2] The specific answers to each of the relevant allegations of the Complaint are addressed in BNY Mellon's Statement of Undisputed Material Facts filed concurrently herewith.

R.I. Gen Laws § 34-27-3.2(c)(7) defines a "Mortgage" as "an individual consumer first-lien mortgage *on any owner-occupied*, one (1)- to four (4)- unit *residential property that serves as the mortgagor's primary residence*." R.I. Gen Laws § 34-27-3.2(c)(9) defines a "Mortgagor" as "the person who has signed a mortgage."

In this case, the instant Mortgage, signed by Defendant Pemental, is not for Defendant Pemental's primary residence and thus R.I. Gen Laws § 34-27-3.2 (the Mediation Statute) simply does not apply to this Mortgage. See also Complaint, Count I, ¶¶ 22-27 and Answer, ¶¶ 22-27 admitting that the Mediation Statute does not apply.

Thus, BNY Mellon is entitled to judgment on Count I of the Complaint.

## II.

**BNY Mellon is Entitled to Declaratory Judgment on Count II of the Complaint**

By Count II of the Complaint, BNY Mellon seeks a declaration pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 that (a) BNY Mellon National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust, Mortgage Pass-Through Certificates, Series 2005-5, is the holder of the Note and holder of the Mortgage and is the entity entitled to enforce the default remedies provided for in the Note and Mortgage, including exercise of the power of sale provided for therein (see paragraph 22 of the Mortgage) and (b) that the Defendant, Gilbert Pemental, II, is in default of his obligations set forth in the Note and Mortgage.

**A.** **BNY Mellon is the Holder of the Note and Mortgage:**

1. BNY Mellon is the Holder of the Note.

The Note contains an indorsement in blank by First Horizon Home Loan Corporation, the Lender/Payee. See Complaint, Exhibit 1.

Pursuant to R.I. Gen. Laws § 6A-3-204 an "'Indorsement' means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring indorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an indorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than indorsement."

Here, the indorsement bears the words "Pay to the Order of . . . Without recourse." Clearly, this indorsement was made for the purpose of negotiating the instrument.

In addition, R.I. Gen. Laws § 6A-3-201 states that "'Negotiation' means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder."

Here, possession of the Note was transferred to BNY Mellon and BNY Mellon is the holder thereof. Thus, BNY Mellon is the holder of the Note and the original Note will be produced, if necessary, at any hearing of this motion.

2. BNY Mellon is the Holder of the Mortgage.

The Mortgage has been assigned to BNY Mellon. See Complaint, ¶¶ 13 and 15 and Exhibits 3 and 5. Thus, BNY Mellon is the holder of the Mortgage.

3. BNY Mellon May Enforce the Default Remedies Provided in the Note and Mortgage.

    a. BNY Mellon May Enforce the Note.

Pursuant to R.I. Gen. Laws § 6A-3-301, the Holder of a negotiable instrument is entitled to enforce that negotiable instrument.

> b. BNY Mellon May Enforce the Mortgage.
>
> It is now well-settled in Rhode Island that an entity may exercise the statutory power of sale as long as it is the mortgagee and either the note holder or an agent of the note holder. See Bucci v. Lehman Bros. Bank, FSB, 68 A.3d 1069 (R.I. 2013). In this case, the terms of the Mortgage grant the Lender the statutory power of sale. The Mortgage also states "the Note or a partial interest in the Note (together with this Security instrument) can be sold one or more times without prior notice to Borrower."
>
> Defendants have provided sufficient evidence that the Note and Mortgage were transferred to HSBC USA, N.A. (HSBC) from Wells Fargo Bank, N.A. (Wells Fargo). The Note contains a special endorsement from Wells Fargo to HSBC. A review of the Note indicates that there are no other endorsements on the Note. Moreover, HSBC has recorded an assignment of the Mortgage from Wells Fargo to HSBC. Plaintiffs have provided this Court with no evidence to contradict that HSBC is the current mortgagee and note holder. Thus, there is no genuine dispute that HSBC holds the Note and the Mortgage, and that it may exercise the statutory power of sale upon default by the borrower. See Bucci, 68 A.3d at 1069. See also G.L. 1956 § 34-11-24; G.L. 1956 § 6A-3-205.

*Scanlon v. HSBC Bank USA, N.A.*, Civil Action No. PC-2010-2129, Rubine, A.J., Decision and Order, July 22, 2015, 2015 R.I. Super. LEXIS 92, *3.

Furthermore, R.I. Gen. Laws § 34-11-24 states:

> An assignment of mortgage substantially following the form entitled "Assignment of Mortgage" ***shall, when duly executed, have the force and effect of granting, bargaining, transferring and making over to the assignee, his or her heirs, executors, administrators, and assigns, the mortgage deed with the note and debt thereby secured***, and all the right, title and interest of the mortgagee by virtue thereof in and to the estate described therein, to have and to hold the mortgage deed with the privileges and appurtenances thereof to the assignee, his or her heirs, executors, administrators and assigns in as ample manner as the assignor then holds the same, thereby substituting and appointing the assignee and his or her heirs, executors, administrators and assigns as the attorney or attorneys irrevocable of the mortgagor under and with all the powers in the mortgage deed granted and contained.

5

Bold and italics added for emphasis.

Thus, as the holder of the Note and Mortgage, BNY Mellon is entitled to enforce the same.

B. **Defendant Pemental is in Default Under the Terms of the Note and Mortgage:**

As demonstrated in the Statement of Undisputed Material Facts filed concurrently herewith, Defendant Pemental admits that he has breached the Note and Mortgage due to non-payment of the monthly installments due thereunder. See Statement of Undisputed Material Facts, Fact Nos. 14, 16 and 19.

Thus, BNY Mellon is entitled to judgment on Count II of the Complaint.

### III.

### BNY Mellon is Entitled to Judgment on Count IV of the Complaint

In Count IV of the Complaint, BNY Mellon "seeks an order of this Court pursuant to R.I. Gen. Laws § 34-27-1 or otherwise authorizing and directing BNY-Mellon to sell the property at public sale or by such other means and subject to such terms and conditions as the Court should direct . . ." See Complaint, ¶ 33.

Pursuant to paragraph 22 of the Mortgage, in the event of Defendant Pemental's breach of any covenant or agreement in this Security Instrument, BNY Mellon may accelerate the mortgage loan and "may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.[3]"

---

[3] The Mortgage defines "Applicable Law" as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." See DEFINITIONS on page 2 of 11. R.I. Gen. Laws § 34-27-1, the Judicial Foreclosure Statute, would be an "Applicable Law" under this Definition.

Here, Defendant Pemental's failure to make timely make his monthly mortgage payments is a breach of the UNIFORM COVENANT set forth in Section 1 of the Mortgage. See Complaint, Exhibit 2, page 3 of 11.

Thus, BNY Mellon is entitled to judicially foreclose the Mortgage due to Defendant Pemental's breach thereof and is thus entitled to judgment on Count IV of the Complaint.

**IV.**

**Defendant Pemental's First Affirmative Defense Fails as a Matter of Law**

Defendant Pemental's first affirmative defense is the mere assertion that the "complaint fails to state a claim upon which relief may be granted." As demonstrated above, BNY Mellon has demonstrated its entitlement to relief on Counts I, II and IV of the Complaint, thus this affirmative defense fails as a matter of law.

**V.**

**Defendant Pemental's Second Affirmative Defense Fails as a Matter of Law**

Defendant Pemental's second affirmative defense is the mere assertion that "[t]he Plaintiff has no interest in the note or the mortgage." As demonstrated above, BNY Mellon is the holder of the Note and Mortgage and thus, this affirmative defense fails as a matter of law.

**VI.**

**Defendant Pemental's Third Affirmative Defense Fails as a Matter of Law**

Defendant Pemental's third affirmative defense is the mere assertion that "Plaintiff was not the real party in interest on the date this action was commenced and is not shown to be authorized to bring this action." As demonstrated above, BNY Mellon was the holder of the Note and Mortgage at the time this action was commenced and as such was entitled to bring this action. Thus, this affirmative defense fails as a matter of law.

## VII.

**Defendant Pemental's Fourth Affirmative Defense Fails as a Matter of Law**

Defendant Pemental's fourth affirmative defense is the mere assertion that:

> Plaintiff has charged and/or collected payments from Defendants for attorney fees, legal fees, foreclosure costs, late charges, property inspection fees, title search expenses, filing fees, broker price opinions, appraisal fees, and other charges and advances, and predatory lending fees and charges that are not authorized by or in conformity with the terms of the subject note and mortgage. Plaintiff wrongfully added and continues to unilaterally add these illegal charges to the balance Plaintiff claims is due and owing under the subject note and mortgage.

The Note (see Complaint, Exhibit 1), specifically allows for late charges in Paragraph 7(A) and for "all its costs and expenses in enforcing the Note to the extent not prohibited by appliacable law," including attorney's fees, in Paragraph 7(E).

Likewise, the Mortgage (see Complaint, Exhibit 2), specifically recognizes that (1) late charges may be applied to the mortgage debt in Paragraph 2; (2) the "Lender or its agent may make reasonable entries upon and inspections of the Property" pursuant to Paragraph 7; (3) pursuant to Paragraph 9:

> If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, . . .), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, *including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees of 15.00% of the sums due under the - Note or the amount allowable under applicable state law to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy*

> *proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off*. . . .
>
> ***Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.*** These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment. [Bold and italics added for emphasis.];

(4) pursuant to Paragraph 14 the "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law."

Finally, Paragraph 19 of the Mortgage states in relevant part that the Lender may condition reinstatement after acceleration upon the following conditions: "Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged."

Inasmuch as the Note and Mortgage allow BNY Mellon to charge the various fees and expenses to the mortgage loan in light of Pemental's admitted default, this affirmative defense fails as a matter of law.

## VIII.

**Defendant Pemental's Fifth Affirmative Defense Fails as a Matter of Law**

Defendant Pemental's fifth affirmative defense is the mere assertion that "[t]he promissory note was never endorsed (sic) and negotiated pursuant of (sic) the provisions of the Uniform Commercial Code." But see Section II.A, *infra*, which demonstrates to the contrary.

Thus, this affirmative defense fails as a matter of law.

## IX.

**Defendant Pemental's Sixth Affirmative Defense Fails as a Matter of Law**

Defendant Pemental's sixth affirmative defense is the mere assertion that "Plaintiff did not accelerate the mortgage pursuant to the terms of the mortgage, prior the (sic) filing of this action."

Paragraph 22 of the Mortgage (see Complaint, Exhibit 2), states in relevant part that "[i]f the default is not cured on or before the date specified in the notice, ***Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand*** and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law." Bold and italics added for emphasis.

Notwithstanding the fact that BNY Mellon could accelerate the mortgage debt ***without further demand***, such a demand (i.e., a Notice of Acceleration) was in fact sent to Defendant Pemental as evidenced by Exhibit 8 to the Complaint. See Statement of Undisputed Material Facts, Fact No. 17. Thus, this affirmative defense fails as a matter of law.[4]

---

[4] Paragraph 11 (4th paragraph) of the Note purports to require a Notice of Acceleration because the same is required by the Mortgage. But an examination of paragraph 22 of the Mortgage clearly indicates that NO Notice of

**X.**

**Defendant Pemental's Seventh Affirmative Defense Fails as a Matter of Law**

Defendant Pemental's seventh affirmative defense is the mere assertion that "[t]he provisions of paragraph 22 of the mortgage were not complied with before any alleged acceleration of the loan was declared."

By this defense, BNY Mellon presumes that Defendant Pemental is alleging that he was not sent a paragraph 22 Notice of Default. However, notwithstanding the fact that BNY Mellon could accelerate the mortgage debt *without further demand*, a Notice of Default was in fact sent to Defendant Pemental as evidenced by Exhibit 6 to the Complaint. See Statement of Undisputed Material Facts, Fact No. 15.

A review of the Notice of Default demonstrates that it clearly complies with the requirements of paragraph 22 of the Mortgage. Thus, this affirmative defense fails as a matter of law.

**XI.**

**Defendant Pemental's Eighth Affirmative Defense Fails as a Matter of Law**

Defendant Pemental's eighth affirmative defense is the mere assertion that "Plaintiff has failed to provide an original endorsed (sic) promissory note and mortgage as to file a foreclosure suit." BNY Mellon is unaware of any statutory or decisional law, or rule of court, which requires production of the original Note and Mortgage as a condition precedent to the filing of a judicial foreclosure action pursuant to R.I. Gen. Laws § 34-27-1. Likewise, no such production is required in the context of a non-judicial power of sale foreclosure under R.I. Gen. Laws § 34-27-4, et seq. Likewise, neither the Note nor the Mortgage create a contractual obligation in this regard.

---

Acceleration is required. Notwithstanding this incongruity between the Note and Mortgage, a Notice of Acceleration was indeed sent.

Plaintiff's Counsel has temporary physical custody of the original Note and will produce the same at the hearing on this motion if there is such a hearing or if otherwise necessary. Thus, this affirmative defense fails as a matter of law.

## XII.

### Defendant Pemental's Ninth Affirmative Defense Fails as a Matter of Law

Defendant Pemental's ninth affirmative defense is the mere assertion that "[t]he Plaintiff's complaint was not verified with a person with any personal knowledge or information regarding the matters that the Plaintiff purported to assert. The allegations asserted as true were not sworn to under oath."

BNY Mellon is unaware of any statutory or decisional law, or rule of court, which requires that a complaint for judicial foreclosure pursuant to R.I. Gen. Laws § 34-27-1 be verified/sworn under oath. To the contrary, Fed. R. Civ. P. 8(a)(2) and its state law analog, Superior Court Rule of Civil Procedure 8(a)(2), only requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and does not require that statement to be under oath.

Additionally, BNY Mellon would observe that Defendant Pemental has admitted the majority of these allegations in any event and is therefore bound by his admission of these facts. See *Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006) ("Facts admitted in an answer, as in any pleading, are judicial admissions that bind the defendant throughout this litigation.").

To the extent he has not admitted one or more facts, as demonstrated by the Statement of Undisputed Material Facts filed concurrently herewith, these facts are either proven by the production of the original promissory Note itself or through certified copies of public records (i.e., documents recorded with the Land Evidence Records).

Thus, this affirmative defense fails as a matter of law.

**Conclusion**

Based upon the undisputed material facts submitted in support of this motion and the arguments of law set forth above, BNY Mellon is entitled to judgment as prayed.

Dated: April 11, 2018

Respectfully Submitted,

The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA5,
By its Attorney,

/s/ Walter H. Porr, Jr., Esq.
Walter H. Porr, Jr., Esq., RI# 8967
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 263)
wporr@kordeassociates.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2018, the foregoing document was filed through the electronic filing system with electronic service completed on all parties registered therein to receive notice and that any non-registered attorneys or parties have been served in accordance with the Federal Rules of Civil Procedure.

This document is available for viewing and downloading from the United States District Court's Electronic Filing System.

/s/ Walter H. Porr, Jr, Esq.
Walter H. Porr, Jr, Esq., RI# 8967