UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**THE BANK OF NEW YORK MELLON**
**f/k/a THE BANK OF NEW YORK, AS**
**TRUSTEE FOR FIRST HORIZON**
**ALTERNATIVE MORTGAGE**
**SECURITIES TRUST 2004-AA5,**

    Plaintiff

v.                                                CASE No. 17-cv-00031-WES-PAS

**CHRISTOPHER PEMENTAL,**
**BARRINGTON HISTORICAL**
**SOCIETY, LLC and all other unknown**
**successors, assigns or distributees of**
**BARRINGTON HISTORICAL**
**SOCIETY, LLC,**

    Defendants
_____/

**STATEMENT OF UNDISPUTED MATERIAL FACTS**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA5, hereby submits the following statement of undisputed material facts in support of its motion for summary judgment.

**UNDISPUTED MATERIAL FACTS**

1. Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA5 ("BNY-Mellon"), is a national bank chartered and organized under the laws of the United States of America with its headquarters located at 225 Liberty Street, New York, NY 10286. See FDIC BankFind internet search results attached hereto as Exhibit 1..

2. Defendant, Christopher Pemental ("Pemental"), is an individual who resides at 19 Stanley Avenue, Barrington, RI 02806. Complaint, ¶ 2; Answer, ¶ 2, Admitted.

1

3. Defendant, Barrington Historical Society, LLC, is a defunct Rhode Island limited liability company with a principal office of PO Box 250, Barrington, RI 02806. Its registered agent is Milton S. Slepkow, Esq., 1481 Wampanoag Trail, East Providence, RI 02915. Complaint, ¶ 3; Answer, ¶ 3, Admitted.

4. Pemental acquired title to the Property known as 66 and 68 County Road, Barrington, Rhode Island (the "Property") by Executrix's Deed dated February 20, 2001 and recorded with the Town of Barrington Land Evidence Records (the LER) on April 10, 2001 in Book 516, Page 188. The foregoing deed was recorded again in Book 869, Page 80. Reference is further made to the Affidavit of James V. Paolino, Esq. recorded in Book 869, Page 76. Complaint, ¶ 7; Answer, ¶ 7, Admitted.

5. Pemental secured a mortgage loan from First Horizon Home Loan Corporation in the amount of $350,000.00 on September 7, 2004 (the "Loan"). Complaint, ¶ 8; Answer, ¶ 8, Admitted.

6. This mortgage loan is evidenced by an Adjustable Rate Note in the original principal amount of $350,000.00 dated September 7, 2004, given by Pemental to First Horizon Home Loan Corporation (the "Note"). The Note contains a single indorsement in blank by First Horizon Home Loan Corporation. BNY-Mellon is the owner and holder of the Note, and it or its designated document custodian has physical possession of the Note. A true and accurate copy of the Note is attached to the Complaint as Exhibit 1.[1] Complaint, ¶ 9. The original Note is self-authenticating pursuant to Fed. R. Evid. 902(9). The original Note is admissible pursuant to Fed. R. Evid. 1002.

---

[1] Counsel for BNY-Mellon has temporary physical custody of the original Note and will produce the same for the Court's inspection at the hearing of the instant motion.

7. The Note is secured by a mortgage dated September 7, 2004, given by Pemental to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for First Horizon Home Loan Corporation, in the original principal amount of $350,000.00 and recorded with the LER on September 8, 2004 in Book 869, Page 84 (the "Mortgage"). A certified copy of the Mortgage is attached to the Complaint as Exhibit 2[2]. Complaint, ¶ 10; Answer, ¶ 10, Admitted.

8. Pemental executed a Quit Claim Deed in favor of the Defendant, Barrington Historical Society, LLC (the "Society"), dated January 3, 2006 and recorded with the LER on the same day in Book 957, Page 306. Complaint, ¶ 11; Answer, ¶ 11, Admitted.

9. The Rhode Island Secretary of State revoked the Society's Certificate of Organization to do business in Rhode Island on August 19, 2008. Complaint, ¶ 12; Answer, ¶ 12, Admitted.

10. Mortgage Electronic Registration Systems, Inc., assigned the Mortgage to First Horizon Home Loan Corporation by assignment recorded with the LER on May 1, 2007 in Book 1035, Page 323. A certified copy of said Assignment is attached to the Complaint as Exhibit 3. Complaint, ¶ 13. The certified copy of the Assignment of Mortgage is self-authenticating pursuant to Fed. R. Evid. 902(4). The certified copy of the Assignment of Mortgage is admissible pursuant to Fed. R. Evid. 1005.

11. On or about June 1, 2007, First Horizon Home Loan Corporation merged with and into First Tennessee Bank National Association. See copy of Agreement of Merger dated May 21, 2007 attached to the Complaint as Exhibit 4. Complaint, ¶ 14; Answer, ¶ 14, Admitted.

---

[2] Since the pleadings are filed electronically, the exhibits referred to herein and attached to the Complaint are copies of certified documents. Counsel for BNY-Mellon will produce the original certified documents for the Court's inspection at the hearing of the instant motion.

12. First Tennessee Bank, National Association, successor by merger to First Horizon Home Loan Corporation, by Nationstar Mortgage LLC, its attorney-in-fact, assigned the Mortgage to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA5, by assignment dated March 3, 2016 and recorded with the LER on March 16, 2016 in Book 1477, Page 195. A certified copy of said Assignment is attached to the Complaint as Exhibit 5. Complaint, ¶ 15. The certified copy of the Assignment of Mortgage is self-authenticating pursuant to Fed. R. Evid. 902(4). The certified copy of the Assignment of Mortgage is admissible pursuant to Fed. R. Evid. 1005.

13. Under the terms of the Note and Mortgage, Pemental was obligated to make monthly principal and interest payments together with a monthly escrow payment as computed by the mortgagee sufficient to pay real estate taxes and hazard insurance premiums in connection with the Property through the October 1, 2034 maturity date of the Loan. Complaint, ¶ 16; Answer, ¶ 16, Admitted.

14. Pemental has defaulted in his monthly payment obligations due under the Note and Mortgage and his mortgage account with Nationstar Mortgage LLC ("Nationstar"), as servicer of the Loan for BNY-Mellon, is now due for the January 1, 2014 payment together with all subsequently accrued but unpaid installments. Complaint, ¶ 17. See also Complaint, ¶¶ 19 and 23; Answer ¶¶ 19 and 23, Admitted.

15. Pursuant to the terms of the Mortgage, Nationstar, as servicer of the Loan for BNY-Mellon, sent Pemental Notices of Default on or about September 15, 2014 at both the Property address and at 19 Stanley Avenue, Barrington, RI 02806 via certified mail. True and accurate copies of said Notices are attached to the Complaint as Exhibit 6. Complaint, ¶ 18. See Affidavit of Christy Vieau.

16. The default set forth in the September 15, 2014 Notices of Default has not been cured. A true and accurate copy of the payment history maintained by Nationstar in connection with the subject mortgage loan is attached to the Complaint as Exhibit 7. Complaint, ¶ 19; Answer, ¶ 19, Admitted that the loan is delinquent. See also Complaint, ¶ 23; Answer, ¶ 23, Admitted.

17. On April 1, 2016, BNY-Mellon, through its attorneys, Korde & Associates, P.C., sent Pemental Notices of Acceleration via first class and certified mail. True and accurate copies of said Notices are attached to the Complaint as Exhibit 8. Complaint, ¶ 20. See Affidavit of Susan W. Cody.

18. Pemental has maintained his principal residence at 19 Stanley Avenue, RI ("Stanley Avenue") and not at the Property address (66 and 68 County Road, Barrington, RI). Complaint, ¶ 22; Answer, ¶ 22, Admitted.

19. Pemental failed to make the required monthly payment due under the Note and Mortgage on January 1, 2014 and on each successive month thereafter through the filing date of this complaint. Complaint, ¶ 23; Answer, ¶ 23, Admitted.

20. At all times during the 120-day period immediately following January 1, 2014 (the "date of default"), Pemental was and still remains the sole record owner of the Property and maintained and continues to maintain his principal residence at Stanley Avenue. The aforesaid 120-day period is hereinafter referred to as the "The Relevant Default Period". Complaint, ¶ 24; Answer, ¶ 24, Admitted.

21. At all times during The Relevant Default Period and continuing to this day, Pemental's address on file with the Town of North Providence Assessor's office was and is Stanley Avenue. Complaint, ¶ 25; Answer, ¶ 25, Admitted.

22. R.I. Gen. Laws §34-27-3.2 (the "Mediation Statute") applies to a "mortgage" which is "an individual consumer first-lien mortgage on any <u>owner-occupied</u>, one (1)- to four (4)- unit residential property <u>that serves as the mortgagor's primary residence</u> (<u>emphasis added</u>). See R.I. Gen. Laws §34-27-3.2(c)(7). In furtherance of the foregoing, §34-27-3.2(k) states that "[t]his section shall apply only to foreclosure of mortgages on owner-occupied, residential real property with no more than four (4) dwelling units that is the primary dwelling of the mortgagor and not to mortgages secured by other real property." Complaint, ¶ 26; Answer, ¶ 26, Admitted.

Dated: April 11, 2018

Respectfully Submitted,

The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA5,
By its Attorney,

/s/ Walter H. Porr, Jr., Esq.
Walter H. Porr, Jr., Esq., RI# 8967
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 263)
wporr@kordeassociates.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2018, the foregoing document was filed through the electronic filing system with electronic service completed on all parties registered therein to receive notice and that any non-registered attorneys or parties have been served in accordance with the Federal Rules of Civil Procedure.

This document is available for viewing and downloading from the United States District Court's Electronic Filing System.

/s/ Walter H. Porr, Jr, Esq.
Walter H. Porr, Jr, Esq., RI# 8967