UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK, AS
TRUSTEE FOR FIRST HORIZON
ALTERNATIVE MORTGAGE
SECURITIES TRUST 2004-AA5,

    Plaintiff

v.                                      CASE No. 17-cv-00031-WES-PAS

CHRISTOPHER PEMENTAL,
BARRINGTON HISTORICAL
SOCIETY, LLC and all other unknown
successors, assigns or distributees of
BARRINGTON HISTORICAL
SOCIETY, LLC,

    Defendants
_____/

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND COMPLAINT

Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the First Horizon Alternative Mortgage Securities Trust 2004-AA5 ("BNY Mellon" or "Plaintiff"), hereby submits the following memorandum of law in support of its motion for leave to file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) in the form attached hereto as Exhibit A.

### Introduction

This action concerns a default in the terms of a Note and Mortgage executed by the Defendant Christopher Pemental ("Pemental") in relation to the property located at 66-68 County Road, Barrington, RI (the "Property"). The Complaint contains alternative prayers for relief, including a request for declaratory relief that the Rhode Island Mediation Statute, R.I. Gen. Laws

*The Bank of New York Mellon, as Trustee*                                                               *Memorandum of Law ISO*
*v.*                                           Page **1** of 3                          *Motion to Amend Complaint*
*Pemental et al*                                                                                *Docket # 17-CV-00031-WES-PAS*

§34-27-3.2 does not apply Pemental's Mortgage and additional counts seeking a judicial foreclosure.

Plaintiff mistakenly cited R.I. Gen. Laws § 9-30-1 as its source for relief for a declaratory judgment instead of the federal version of the declaratory judgment statute, 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 in Count I.   Although Count II of the Complaint does not specifically reference which declaratory judgment statute Plaintiff seeks relief under, Plaintiff seeks to amend the count for clarification and can only do so by amending the Complaint with leave of court.

## Argument

By its Amended Complaint, U.S. Bank repleads Count I for declaratory relief under the federal statutory reference, seeking a judgment that the so-called Mediation statute does not apply to Pemental's mortgage and clarifies Count II's statutory authority to be the federal declaratory judgment statute.

Fed.R.Civ.P. 15(a)(2) allows for the amendment of the Complaint with leave of Court before trial which "should freely give leave when justice so requires."

Leave to amend can only be denied for instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962); see also *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 59 (1st Cir. 1990) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters."). No scheduling order appears on the docket for this matter listing a date for amendments to be filed by. See also O'Leary v. New Hampshire Boring, Inc., 99 Fed. R. Serv.3d 1272 (D. Mass 2018).

Here, none of the exceptions to the rule of liberality in relation to the amendment of pleadings apply and thus, the motion to amend should be granted.

Dated:  January 12, 2021	Respectfully Submitted,

The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the First Horizon Alternative Mortgage Securities Trust 2004-AA5,
By its Attorney,

/s/ Catherine V. Eastwood
Catherine V. Eastwood, Esq., RI# 6406
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500, ext. 26222
ceastwood@kordeassociates.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK, AS
TRUSTEE FOR FIRST HORIZON
ALTERNATIVE MORTGAGE
SECURITIES TRUST 2004-AA5,**

    Plaintiff

v.   CASE No. 17-cv-00031-WES-PAS

**CHRISTOPHER PEMENTAL,
BARRINGTON HISTORICAL
SOCIETY, LLC and all other unknown
successors, assigns or distributees of
BARRINGTON HISTORICAL
SOCIETY, LLC,**

    Defendants
_____/

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND
OTHER RELIEF**

I.

INTRODUCTION

The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA5, files this amended complaint for a judgment pursuant to 28 U.S.C §2201 and Fed. R. Civ. P. 57, et seq., declaring, inter alia, that the provisions of R.I. Gen. Laws § 34-27-3.2 and particularly but without limitation subsection (d) thereof do not apply to the mortgage held by the Plaintiff and encumbering property owned by the Defendant, Christopher Pemental, at 66 and 68 County Road, Barrington, Rhode Island because such property was not Pemental's principal residence during the relevant default period or at any time thereafter. In the alternative, Plaintiff seeks other relief as set forth herein.

1

II.

PARTIES

1. Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA5 ("BNY-Mellon"), is a national bank chartered and organized under the laws of the United States of America with a principal place of business at One Wall Street, New York, NY 10286.

2. Defendant, Christopher Pemental, is an individual who, upon information and belief, resides at 19 Stanley Avenue, Barrington, RI 02806.

3. Defendant, Barrington Historical Society, LLC, is a defunct Rhode Island limited liability company with a principal office of PO Box 250, Barrington, RI 02806. Its registered agent is Milton S. Slepkow, Esq., 1481 Wampanoag Trail, East Providence, RI 02915.

4. Defendants, all unknown successors, assigns or distributees of the now defunct Barrington Historical Society, LLC, have identities and whereabouts currently unknown to the Plaintiff.

III.

JURISDICTION AND VENUE

5. The Court has original jurisdiction over this action involving PHH's right, title and interest in the subject property pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between the Plaintiff and the Defendants and the amount in controversy is more than $75,000.00 in that the outstanding balance due and owing on the mortgage which PHH now seeks to foreclose exceeds $398,000.00.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is the subject of this Amended Complaint is situated in Rhode Island.

IV.

FACTS

7.      The Defendant, Christopher Pemental ("Pemental") acquired title to the Property known as 66 and 68 County Road, Barrington, Rhode Island (the "Property") by Executrix's Deed dated February 20, 2001 and recorded with the Town of Barrington Land Evidence Records (the LER) on April 10, 2001 in Book 516, Page 188. The foregoing deed was recorded again in Book 869, Page 80. Reference is further made to the Affidavit of James V. Paolino, Esq. recorded in Book 869, Page 76.

8.      Pemental secured a mortgage loan from First Horizon Home Loan Corporation in the amount of $350,000.00 on September 7, 2004 (the "Loan").

9.      This mortgage loan is evidenced by an Adjustable Rate Note in the original principal amount of $350,000.00 dated September 7, 2004, given by Pemental to First Horizon Home Loan Corporation (the "Note"). The Note contains a single indorsement in blank by First Horizon Home Loan Corporation. BNY-Mellon is the owner and holder of the Note, and it or its designated document custodian has physical possession of the Note. A true and accurate copy of the Note is attached hereto as Exhibit 1.

10.     The Note is secured by a mortgage given by Pemental to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for First Horizon Home Loan Corporation, encumbering the Property in the original principal amount of $350,000.00 dated September 7, 2004 and recorded with the LER on September 8, 2004 in Book 869, Page 84 (the "Mortgage"). A certified copy of the Mortgage is attached hereto as Exhibit 2[1].

---

[1] As pleadings are filed electronically, and therefore the exhibits referred to herein are copies of certified documents, the loan number has been redacted for the borrower's protection, however, undersigned counsel is prepared to produce the original certified documents for the Court's inspection upon request.

11. Pemental executed a Quit Claim Deed in favor of the Defendant, Barrington Historical Society, LLC (the "Society"), dated January 3, 2006 and recorded with the LER on the same day in Book 957, Page 306.

12. The Rhode Island Secretary of State revoked the Society's Certificate of Organization to do business in Rhode Island on August 19, 2008.

13. Mortgage Electronic Registration Systems, Inc., assigned the Mortgage to First Horizon Home Loan Corporation by assignment recorded with the LER on May 1, 2007 in Book 1035, Page 323. A certified copy of said Assignment is attached hereto as Exhibit 3.

14. On or about June 1, 2007, First Horizon Home Loan Corporation merged with and into First Tennessee Bank National Association. See copy of Agreement of Merger dated May 21, 2007 attached hereto as Exhibit 4.

15. First Tennessee Bank, National Association, successor by merger to First Horizon Home Loan Corporation, by Nationstar Mortgage LLC, its attorney-in-fact, assigned the Mortgage to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA5, by assignment dated March 3, 2016 and recorded with the LER on March 16, 2016 in Book 1477, Page 195. A certified copy of said Assignment is attached hereto as Exhibit 5.

16. Under the terms of the Note and Mortgage, Pemental was obligated to make monthly principal and interest payments together with a monthly escrow payment as computed by the mortgagee sufficient to pay real estate taxes and hazard insurance premiums in connection with the Property through the October 1, 2034 maturity date of the Loan.

17. Pemental has defaulted in his monthly payment obligations due under the Note and Mortgage and his mortgage account with Nationstar Mortgage LLC ("Nationstar"), as servicer of

the Loan for BNY-Mellon, is now due for the January 1, 2014 payment together with all subsequently accrued but unpaid installments.

18. Pursuant to the terms of the Mortgage, Nationstar, as servicer of the Loan for BNY-Mellon, sent Pemental Notices of Default on or about September 15, 2014 at both the Property address and at 19 Stanley Avenue, Barrington, RI 02806 via certified mail. True and accurate copies of said Notices are attached hereto as Exhibit 6.

19. The default set forth in the September 15, 2014 Notices of Default has not been cured. A true and accurate copy of the payment history maintained by Nationstar in connection with the subject mortgage loan is attached hereto as Exhibit 7.

20. On April 1, 2016, BNY-Mellon, through its attorneys, Korde & Associates, P.C., sent Pemental Notices of Acceleration via first class and certified mail. True and accurate copies of said Notices are attached hereto as Exhibit 8.

## COUNT I

### FOR JUDGMENT DECLARING THAT THE MEDIATION STATUTE DOES NOT APPLY TO THE MORTGAGE

21. BNY-Mellon re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-20 above.

22. Upon information and belief, the Defendant, Christopher Pemental ("Pemental"), has maintained his principal residence at 19 Stanley Avenue, RI ("Stanley Avenue") and not at the Property address (66 and 68 County Road, Barrington, RI).

23. Pemental failed to make the required monthly payment due under the Note and Mortgage on January 1, 2014 and on each successive month thereafter through the filing date of this amended complaint.

24.     At all times during the 120-day period immediately following January 1, 2014 (the "date of default"), Pemental was and still remains the sole record owner of the Property and maintained and continues to maintain his principal residence at Stanley Avenue. The aforesaid 120-day period is hereinafter referred to as the "The Relevant Default Period".

25.     At all times during The Relevant Default Period and continuing to this day, Pemental's address on file with the Town of North Providence Assessor's office was and is Stanley Avenue.

26.     R.I. Gen. Laws §34-27-3.2 (the "Mediation Statute") applies to a "mortgage" which is "an individual consumer first-lien mortgage on any <u>owner-occupied</u>, one (1)- to four (4)- unit residential property <u>that serves as the mortgagor's primary residence</u> (<u>emphasis added</u>). See R.I. Gen. Laws §34-27-3.2(c)(7). In furtherance of the foregoing, §34-27-3.2(k) states that "[t]his section shall apply only to foreclosure of mortgages on owner-occupied, residential real property with no more than four (4) dwelling units that is the primary dwelling of the mortgagor and not to mortgages secured by other real property."

27.     BNY-Mellon seeks a declaratory judgment pursuant to 28 U.S.C §2201 and Fed. R. Civ. P. 57, et seq. that the Mediation Statute, and particularly the requirements set forth in subsection (d) thereof, including that the mortgagee mail a notice of mediation conference to the mortgagor prior to initiating foreclosure of the Mortgage pursuant to §34-27-4(b), do not apply to the Mortgage because the Defendant Pemental did not reside at the Property immediately before, during, or any time subsequent to The Relevant Default Period.

## COUNT II

### FOR JUDGMENT DECLARING THAT THE PLAINTIFF IS
### THE HOLDER OF THE NOTE AND MORTGAGE

28. BNY-Mellon re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-27 above.

29. BNY-Mellon seeks a declaratory judgment pursuant to 28 U.S.C §2201 and Fed. R. Civ. P. 57 from this Court declaring that (a) The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA5, is the holder of the Note and holder of the Mortgage and is the entity entitled to enforce the default remedies provided for in the Note and Mortgage, including exercise of the power of sale provided for therein (see paragraph 22 of the Mortgage) and (b) that the Defendant, Christopher Pemental, is in default of his obligations set forth in the Note and Mortgage.

## COUNT III

### FOR DECREE BARRING ALL RIGHTS OF REDEMPTION
### AND VESTING TITLE IN THE PLAINTIFF FREE OF ALL CLAIMS

30. BNY-Mellon re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-29 above.

31. In the alternative to the relief sought in Count II hereof, BNY-Mellon seeks a decree of this Court pursuant to R.I. Gen. Laws § 34-27-1 (a) forever barring any rights of redemption which each of the Defendants may have under the terms of the Mortgage and (b) vesting title to the Property in favor of the Plaintiff, BNY-Mellon, free of any and all right, title, interest or claim of each of the Defendants to this action.

COUNT IV

FOR AN ORDER OF SALE

32.     BNY-Mellon re-alleges and incorporates by reference the allegations contained in paragraphs 1-31 above.

33.     In the alternative to the relief sought in Count III hereof, BNY-Mellon seeks an order of this Court pursuant to R.I. Gen. Laws §34-27-1 or otherwise authorizing and directing BNY-Mellon to sell the property at public sale or by such other means and subject to such terms and conditions and with notice to such persons as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interests or claims of each of the Defendants to this action. In relation thereto, BNY-Mellon further seeks an order allowing it to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale.

WHEREFORE, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA5 ("BNY-Mellon") requests that the Court:

(a)     Issue a judgment pursuant to 28 U.S.C §2201 and Fed. R. Civ. P. 57 declaring that the provisions of the R.I. Gen. Laws §34-27-3.2 (d) do not apply to the Mortgage and that BNY-Mellon may proceed to conduct a foreclosure sale of the Property in accordance with the requirements of §34-27-4(b) without having to send a notice of mediation conference to the Defendant, Pemental, because the Property was not Pemental's principal residence during The Relevant Default Period;

(b) Issue a judgment pursuant to 28 U.S.C §2201 and Fed. R. Civ. P. 57 determining that the Plaintiff, BNY-Mellon, is the present holder of the Note and the present holder of the Mortgage and entitled to enforce the default remedies provided for therein;

(c) In addition to the relief sought in subparagraph (a) hereof and in the alternative to the relief sought in subparagraph (b), issue a judgment forever barring each of the Defendant's exercise of any rights of redemption, if any, provided for in the Mortgage and/or by operation of law and vesting title to the Property in the Plaintiff, BNY-Mellon, free of any and all right, title, interest or claim of each of the Defendants or any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Barrington Land Evidence Records;

(d) In addition to the relief sought in subparagraph (b) hereof and in the alternative to the relief sought in subparagraphs (c) hereof, issue an order authorizing and directing the Plaintiff to sell the Property at public sale or by such other means as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interest, lien, mortgage or claim of each of the Defendants to this action and of any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Barrington Land Evidence Records except that if the public sale generates a surplus over and above the total debt owed to the plaintiff as of the date of such sale, the right, title, interest, lie, mortgage or claim of such junior interest holders shall extend and transfer to such surplus according to lien priorities established under applicable law;

(e) In conjunction with the order of sale requested in the foregoing prayer for relief, provide in the judgment that the foreclosure sale referenced in the preceding paragraph and

9

Plaintiff's delivery of a foreclosure deed to the successful high bidder at such sale shall extinguish all right, title, interest, lien, mortgage or claim in or to the Property of each of the Defendants to this action and of any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Barrington Land Evidence Records except that if the public sale generates a surplus over and above the total debt owed to the Plaintiff as of the date of such sale, the right, title, interest, lien, mortgage or claim of such junior interest holders shall extend and transfer to such surplus according to lien priorities established under applicable law;

(f) Authorize the Plaintiff to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale; and

(g) Grant such other and further relief as the Court deems just and proper.

January 12, 2021                                     Respectfully Submitted,

The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA5,
By its Attorney,


/s/ Catherine V. Eastwood
Catherine V. Eastwood, Esq., RI# 6406
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 26222)
ceastwood@kordeassociates.com